UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES H. BOLDEN, ) | |
| Monterrey, Mexico ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| CONDOLEEZZA RICE, ) | |
| In Her Official Capacity as Secretary, ) | |
| United States Department of State, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| <u>Serve:</u> ) | |
| Hon. Condoleezza Rice ) | |
| United States Secretary of State ) | |
| United States Department of State ) | |
| 2201 C Street, N. W. ) | |
| Washington, D. C.  20520-4616 ) | |
| ) | |
| <u>Also Serve:</u> ) | |
| Hon. Jeffrey A. Taylor ) | |
| United States Attorney ) | |
| for the District of Columbia ) | |
| Judiciary Center Building ) | |
| 555 4th Street, N. W. ) | JURY TRIAL DEMANDED |
| Washington, D. C.  20001-2733 ) | |

<u>COMPLAINT</u>

(UNLAWFUL DISCRIMINATION IN FEDERAL EMPLOYMENT
BASED UPON RACE AND AGE, AND UNLAWFUL RETALIATION
FOR PROTECTED EEO ACTIVITIES)

COMES NOW the Plaintiff in this matter, Charles H. Bolden, by and through

counsel, to bring this Federal District Court lawsuit against the aforenamed Defendant,

and in furtherance hereof states as follows:

## I.  JURISDICTION

1.  Jurisdiction is vested in this Court pursuant to, inter alia, Section 717 of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C.A. Section 2000(e), et seq.; the Civil Rights Act of 1991, as amended, codified at 42 U.S.C.A. Section 1981, et seq.; the Civil Rights Attorney's Award Act, as amended, codified at 42 U.S.C.A. Section 1988, et seq.; and Title 29, Code of Federal Regulations, Part 1614, et seq., in that Plaintiff Charles H. Bolden was unlawfully discriminated against in the course of his employment by the United States Government on the basis of race (African-American), age (date of birth August 1953), and was further subjected to unlawful retaliation in employment for engaging in protected EEO activities, as identified herein.

## II.  VENUE

2.  Venue is proper before this Court because the Defendant maintains its Headquarters administrative offices and records which are subject to the matters complained of within the geographical boundaries of the District of Columbia; because the primary actions complained of either occurred within or were directed within the geographical boundaries of the District of Columbia; and pursuant to 28 U.S.C. Section 1391(e).

## III.  PARTIES

3.  Plaintiff Charles H. Bolden is an African-American male, born in August 1953, currently employed by the United States Department of State as a Supervisory Special Agent, FS-03, with the Diplomatic Security Service (DSS).  Plaintiff Bolden currently is domiciled while on a permanent station DSS assignment in Monterrey,

Mexico, and for all times relevant herein was employed on a full-time basis as an employee of the Department of State.

4.   Defendant Condoleezza Rice is the United States Secretary of State and is the Defendant herein only in her official capacity as Secretary of State.  Secretary Rice is the senior Executive Branch federal official responsible for the actions of the United States Department of State and its subordinate element, the Diplomatic Security Service, and its officials and employees.

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.   The bases of this case are Plaintiff's past and ongoing claims of unlawful discrimination based upon race (African-American), age (born August 1953) and unlawful reprisal for prior protected EEO activity, as further stated hereinbelow.  During the periods of time alleged for all actions incorporated into this Complaint, Plaintiff Bolden was employed as a Supervisory Special Agent, Grade FS-03, of the Diplomatic Security Service within the United States Department of State.

6.   By its document dated March 10, 2008, the Department of State Office of Civil Rights forwarded to Plaintiff Bolden the DOS Final Agency Decision (FAD) in EEO Case No. DOS-F-018-05.  The FAD was received by Plaintiff Bolden on March 19, 2008. The FAD addressed an EEO complaint timely originated by the Plaintiff in December 2004, and subsequently was the subject of two separate investigations by the Agency.

7.   The subject of the first EEO Complaint was as follows:  "Whether, because of his race (African American) and age ([then] 51, Complainant was not promoted from

FS-03 to FS-02 by the 2004 Foreign Service Selection Board." This issue is timely raised in this Federal District Court Complaint insofar as the Complaint is filed within ninety (90) days after receipt of the FAD by the Plaintiff.

8. On or about October 11, 2005, Plaintiff Bolden timely initiated a further complaint of unlawful discrimination based upon race and age. This further complaint, subsequently identified as EEO Case No. DOS-F-051-06 was stated as follows: "Because of [Plaintiff Bolden's] race (African-American) and age (DOB: 08/53), you were discriminated against when you were not promoted from FS-03 to FS-02 by the 2005 Foreign Service Selection Board."

9. Complaint EEO Case No. DOS-F-051-06 subsequently was amended to incorporate the timely filed further allegation that Plaintiff Bolden was discriminated against because of his race and age when he was not promoted from FS-03 to FS-02 by the 2006 Foreign Service Selection Board.

10. Complaint EEO Case No. DOS-F-051-06 subsequently was further amended to incorporate the following additional timely filed allegations: a) That Plaintiff Bolden was discriminated against because of his race, age, and as reprisal for prior protected EEO activity when he was not selected for a Grade GS-14, Supervisory Criminal Investigator (SCI) position pursuant to DOS Vacancy Announcement No. DS-2007-0069; and, b) That Plaintiff Bolden was further discriminated against and subjected to unlawful reprisal when he was issued a "Low Ranking Statement" allegedly regarding his 2006 Foreign Service Selection Board (FSSB) evaluation, and was informed that he would be terminated from DOS employment on September 30, 2007.

11.   The issues set forth in EEO Case No. DOS-F-051-06 are properly incorporated into this Federal District Court Complaint insofar as more than 180 days have passed since the filing of the formal complaints cited herein, without the Department of State having issued a final decision.

12.   Additional acts of unlawful discrimination and unlawful reprisal for his prior protected EEO activity have occurred with respect to Plaintiff Bolden following his initiation of the previously cited EEO Case No. DOS-F-051-06.  These issues have been timely raised by Plaintiff Bolden to the Department of State within the period of December 2007 through February 2008, have been docketed as EEO Case No. DOS-F-038-08, and will be timely incorporated into this Federal District Court Complaint through the filing of an Amended Complaint upon the passage of 180 days from the initial formal notice of such claims to the Defendant.

## V. BACKGROUND

13.   The DOS has completed two Reports of Investigation regarding the complaints and claims cited herein, identified as associated with EEO Case Nos. DOS-F-018-05 and DOS-F-051-06.  Defendant is advised that the information contained therein provides substantial additional detail to the facts and claims summarized herein.

14.   Plaintiff Bolden joined the Department of State Diplomatic Security Service in 1986, and graduated from the DS Basic Special Agent Training Class (Class #30) in August 1986.  He was the only African American DS Agent to graduate from this class, of a total of 47 DS Special Agents in the class.

15.  In 1991, Plaintiff Bolden was promoted to the grade of FS-03, at his first opportunity for such promotion.  To the date of this Complaint, however, and despite an

exceptional career of challenging overseas assignments, numerous sterling accomplishments, excellent annual performance appraisals, and several and consistent recommendations for promotion by his supervisors, many of whom were senior Foreign Service officials, Plaintiff remains at grade FS-03.

16.  Since 1986, however, the other 46 BSAC Special Agents in Plaintiff's BSAC Class #30, all non-African American, have been promoted to the Grade of FS-02 and beyond.  Additionally, numerous such individuals from BSAC Class #30 have been promoted to Grade FS-01, and others have been promoted to the Senior Foreign Service Grade of FE-OC.

17.  Plaintiff Bolden's career education, training, assignments, accomplishments, evaluations and recommendations warranted promotion equal to or higher than that of his original peers, yet because of systemic and embedded unlawful discrimination based upon race within the DOS Diplomatic Security Service, and further unlawful retaliation for Plaintiff's prior protected EEO activity, Plaintiff Bolden remains at Grade FS-03 (Step 14, the highest step, based upon 15 years time in grade), while his non-African American special agent peers are employed at higher grade and pay levels.

18.  Further, in approximately 2002 or 2003, on information and belief, senior officials of the Diplomatic Security Service made determinations that younger special agent personnel were to be promoted to make the DSS a more younger and energetic (paraphrased) service.  Such determinations translated directly and dramatically into a selection rate for promotion of younger DSS Special Agents over older DSS Special Agents, including Plaintiff Bolden.  In 2002 and 2003, despite being recommended for

promotion at the age of 49 and 50, respectively, Plaintiff Bolden was passed over for

promotion in favor of younger (under age 40) and lesser DSS qualified special agents.

19.  The 2004 Foreign Service Selection Board (FSSB) refused to promote

Plaintiff Bolden to Grade FS-02 despite the following facts:

a.  Plaintiff Bolden had a stellar record of performance for the five years

prior to the Board deliberations, the period taken into account for promotion purposes,

including the following:  assignments as the senior supervisor of security personnel at a

critical U.S. Embassy (Madrid, Spain, a high profile assignment); selection for temporary

duty at the FS-02 and FS-01 (Resident-Agent-in-Charge) ranks during portions of this

period; the receipt of a distinguished service (Franklin) Award for outstanding leadership;

receipt of meritorious step increases for job performance; and receiving special sensitive

and demanding DSS security assignments based upon his superior experience and

capabilities – all accompanied by excellent performance appraisals with strong

recommendations for promotion.

b.  Plaintiff Bolden had substantially more years in service (Plaintiff's 18

years of service versus the average of 12.2 years of service for promotion selectees), and

substantially more years in grade (Plaintiff's 13 years in grade versus the average of

approximately 4 years in grade for promotion selectees), than those selected for

promotion to Grade FS-02 by the Board.

c.  A lower percentage of African Americans were promoted to Grade

FS-02 (3%, or 2 individuals) than the percentage of African Americans eligible for

promotion; a statistical bias which has been evident for every year except one between

1996 and 2006.

d.  Despite being non-selected for promotion to Grade FS-02 in 2004, Plaintiff Bolden was assigned from 2000 to 2004 as a Supervisor in the Houston Field Office (an FS-03 position later elevated to an FS-02 position), and then assigned as Resident Agent-in-Charge (RAC) of the New Orleans Resident Office (an FS-02 position) commencing in September 2004.

20.  Plaintiff Bolden was again considered, and again rejected, for promotion to Grade FS-02 by the 2005 Foreign Service Selection Board, despite then still serving with distinction as Resident Agent-in-Charge of the New Orleans Resident Office, an FS-02 position.

21.  On information and belief, the selection results for the 2005 FSSB reflected similarly bias against African American eligible candidates for promotion, and against older (over 50 years old) special agent candidates for promotion.  The strongest cumulative bias for promotion selection was directed against African American special agents over 50 years old.

22.  Plaintiff Bolden was again considered, and again rejected, for promotion to Grade FS-02 by the 2006 Foreign Service Selection Board, despite still serving successfully as Resident Agent-in-Charge of the New Orleans Resident Office, an FS-02 position.

23.  On information and belief, the selection results for the 2006 FSSB again reflected bias against African American eligible candidates for promotion, and against older (over 50 years old) special agent candidates for promotion.  Again, the strongest cumulative bias for promotion selection was directed against African American special agents over 50 years old.

24.  On or about October 2, 2006, Plaintiff Bolden was informed by Mario Cantu of the Department of State Human Resources Office that, because of his 2006 non-selection for promotion to Grade FS-02 and because of the determination of the Board to give Plaintiff a "low ranking" evaluation, he would be terminated from Department of State employment on September 30, 2007.

25.  This notice regarding his non-selection for promotion and pending termination from employment was presented to Plaintiff Bolden after Plaintiff had filed formal EEO complaints of unlawful discrimination and retaliation regarding his non-selection for promotion in 2004 and 2005, and following the instigation of EEO investigations regarding such complaints.

26.  Plaintiff Bolden subsequently challenged the notification of his being terminated and was informed that, in fact, he had not been low ranked by the 2006 FSSB. Thus, the notice of termination was rescinded.

27.  Following the further non-selection for promotion, however, Plaintiff Bolden also was non-selected for a Grade GS-14 position as a Supervisory Criminal Investigator (SCI) pursuant to Vacancy Announcement No. DS-2007-0069, despite being substantially more experienced and better qualified than the non-African American selectee for such position.

28.  Further following the 2006 FSSB determination, and commencing in mid- to late 2007, Plaintiff Bolden began to receive severe additional discriminatory and retaliatory treatment in his immediate supervisors in his RAC position in the New Orleans Resident Office; issues timely raised in further EEO complaints filed by Plaintiff against the Defendant, and pending as of the date of this Complaint.

9

<u>COUNT I – UNLAWFUL DISCRIMINATION BASED UPON RACE</u>

29.  Paragraphs 1 through 28 are herein incorporated by reference.

30.  The actions detailed herein, including the refusal of the Defendant to promote Plaintiff Bolden in 2004, 2005, and 2006, the failure to non-select Plaintiff for cited assignments and positions, and other actions cited herein, constitute unlawful discrimination against Plaintiff Bolden based upon race (African American) committed by the Defendant, its agents and employees.

31.  Such unlawful discrimination resulted in past and future financial loss to Plaintiff, a loss to Plaintiff of professional esteem and standing, personal stress and mental pain and suffering.

<u>COUNT II – UNLAWFUL DISCRIMINATION BASED UPON AGE</u>

32.  Paragraphs 1 through 31 are herein incorporated by reference.

33.  The actions detailed herein, including the refusal of the Defendant to promote Plaintiff Bolden in 2004, 2005, and 2006, the failure to non-select Plaintiff for cited assignments and positions, and other actions cited herein, constitute unlawful discrimination against Plaintiff Bolden based upon age (DOB:  August 1, 1953) committed by the Defendant, its agents and employees.

34.  Such unlawful discrimination resulted in past and future financial loss to Plaintiff, a loss to Plaintiff of professional esteem and standing, personal stress and mental pain and suffering.

COUNT III --- UNLAWFUL RETALIATION
<u>AND REPRISAL FOR PROTECTED EEO ACTIVITIES</u>

35.  Paragraphs 1 through 34 are herein incorporated by reference.

36.  The actions detailed herein, including the refusal of the Defendant to promote Plaintiff Bolden in 2005 and 2006, the failure to non-select Plaintiff for cited assignments and positions, and other actions cited herein, constitute acts of unlawful retaliation for protected EEO activities against Plaintiff Bolden committed by the Defendant, its agents and employees.

37.  Such unlawful retaliation resulted in past and future financial loss to Plaintiff, a loss to Plaintiff of professional esteem and standing, personal stress and mental pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Charles H. Bolden respectfully requests that this Court enter judgment against Defendant and grant Plaintiff Bolden the following relief:

a.  Retroactive promotion to Grade FS-02 no later than October 2004, with appropriate step increases on an annual basis thereafter and immediate consideration for promotion to Grade FS-01.

b.  Assignment to appropriate positions and training commensurate with Grade FS-02.

c.  Payment of all accrued back pay and allowances, plus interest, and all lost front pay for retirement benefits, as established appropriate.

d.  Payment of compensatory damages in the amount of at least $300,000.00;

e.  Correction of Plaintiff Bolden's Official Personnel File, personnel records and financial records, to reflect all favorable determinations sought in this proceeding.

f.  Reimbursement and payment of all reasonable attorneys' fees and costs of litigation in pursuing Plaintiff's claims at the administrative and judicial levels.

11

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule 38(b), trial by jury on all issues presented herein is respectfully demanded.

Respectfully submitted,

_____

MICHAEL W. BEASLEY
D. C. Bar No. 248930
200 Park Avenue, Suite 106
Falls Church, VA  22046
Phone:  (703) 533-5875
Fax:  (703) 533-5876
Cell:  (703) 994-2524
E-Mail:  beasleys2@verizon.net

Counsel for Plaintiff Charles H. Bolden

*H 08-1012 RMU*

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| *Charles H. Bolden* | *Condoleezza Rice, as Secretary of State* |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88550** (EXCEPT IN U.S. PLAINTIFF CASES) *Brownsville, TX* | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE T |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) *Michael W. Beasley, Esq. 200 Park Ave., St. 106, Falls Church, VA 22046 (703) 533-5875* | Case: 1:08-cv-01012 Assigned To : Urbina, Ricardo M. Assign. Date : 6/13/2008 Description: Employ. Discrim. |

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

(X) 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury ☐ 362 Medical Malpractice ☐ 365 Product Liability ☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act **Social Security:** ☐ 861 HIA ((1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g) **Other Statutes** ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment. *(If Antitrust, then A governs)* |

**☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil***

| Real Property | Bankruptcy | Forfeiture/Penalty | ☐ 470 Racketeer Influenced & Corrupt Organizations |
|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 422 Appeal 28 USC 158 | ☐ 610 Agriculture | ☐ 480 Consumer Credit |
| ☐ 220 Foreclosure | ☐ 423 Withdrawal 28 USC 157 | ☐ 620 Other Food &Drug | ☐ 490 Cable/Satellite TV |
| ☐ 230 Rent, Lease & Ejectment | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 810 Selective Service |
| ☐ 240 Torts to Land | **Prisoner Petitions** | ☐ 630 Liquor Laws | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 245 Tort Product Liability | ☐ 535 Death Penalty | ☐ 640 RR & Truck | |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other | ☐ 650 Airline Regs | ☐ 875 Customer Challenge 12 USC 3410 |
| | ☐ 550 Civil Rights | ☐ 660 Occupational Safety/Health | |
| **Personal Property** | ☐ 555 Prison Condition | ☐ 690 Other | ☐ 900 Appeal of fee determination under equal access to Justice |
| ☐ 370 Other Fraud | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 371 Truth in Lending | **Property Rights** | | |
| ☐ 380 Other Personal Property Damage | ☐ 820 Copyrights | **Other Statutes** | ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |
| ☐ 385 Property Damage Product Liability | ☐ 830 Patent | ☐ 400 State Reapportionment | |
| | ☐ 840 Trademark | ☐ 430 Banks & Banking | |
| | | ☐ 450 Commerce/ICC Rates/etc. | |
| | **Federal Tax Suits** | ☐ 460 Deportation | |
| | ☐ 870 Taxes (US plaintiff or defendant | | |
| | ☐ 871 IRS-Third Party 26 USC 7609 | | |

(3)

| ☐ G. *Habeas Corpus 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*Title VII of Civil Rights Act of 1964, 42 USCA § 2000e1, et seq.*

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>☐    ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:** ☒ YES  ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ☒ NO    If yes, please complete related case form.

DATE *June 13, 2008*    SIGNATURE OF ATTORNEY OF RECORD *Michael I. Bernay, DC Bar # 248930*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd